WILLIAM CASSIDY, administrator on the estate of

ALEXANDER CAMERON,

*vs.*

MAINE CENTRAL RAILROAD COMPANY.

Penobscot.   Opinion December 2, 1884.

*Negligence.   Fellow-servants.*

A person in charge of a railroad construction train ordered the plaintiff's intestate, an employee, to jump upon a car from a station platform, while the train was in motion. The intestate caught hold of a stake in a platform car, the stake not being at the time properly secured by the dog or pawl which serves to keep the stake in a firm and upright position, and thereby fell under the wheels of the cars and was injured. *Held :* That the conductor who gave the order, and the employee who neglected to put the pawl in place, were fellow-servants with the employee who was injured, in a common and associated service, and that the injured employee could not maintain an action against the railroad company for the injury.

ON REPORT.

An action of the case.

The defendant filed a general demurrer which was joined, whereupon the case was reported to the full court for decision. If the action was legally maintainable upon the facts alleged, the case was to stand for trial. Otherwise the plaintiff was to be nonsuited.

The facts are sufficiently stated in the opinion.

The case was ably argued by *H. L. Mitchell*, for the plaintiff, and *Wilson and Woodward*, for the defendant.

PETERS, C. J. This case falls within a doctrine well established in this state, and affirmed in the late case of *Doughty* v. *Log Driving Co. ante*, 143. There is no occasion to repeat at this time the reasons upon which the doctrine rests, or to restate the authorities in support of it.

Some exceptions to the general rule have been admitted in some of the late authorities, none of which can apply to or affect the present case.

The declaration, taking the counts together, clearly sets out and complains of two alleged wrongs. First: That a person in charge of a railroad construction train ordered the plaintiff's intestate, an employee, to jump upon a car from the station platform while the train was in motion. Second: That in order to get upon the train, the intestate was required to catch hold of a stake in a platform car, the stake not being at the time properly secured by a "dog or pawl" which serves to keep the stake in a firm and upright position. The intestate fell under the wheels of the cars and was thereby injured, and soon after died from the injuries received.

The conductor's order to jump upon a moving train, need not have been obeyed. The employee should decide the propriety of such an order for himself. But the principal answer to the causes in the declaration alleged is, that the conductor who gave the order, and the employee who neglected to put the dog or pawl in place, were fellow-servants with the employee who was injured, and that, for their neglects which may inflict injuries upon one another, the defendants, in whose common and

associated service they were, are not legally responsible. It is not pretended that the car and its appendages were not of proper construction, or that the company was guilty of a want of care in the selection of its servants and employees. The doctrine of the law that defeats the present action, does not seem harsh or inequitable. It is really adopted into the law from the common views of men and the common business of life. To sue a mechanic or a farmer because one man in his employment has accidentally injured another in the same employment, would be quite an unheard of thing.

*Plaintiff nonsuit.*

DANFORTH, VIRGIN, EMERY, FOSTER and HASKELL, JJ., concurred.